IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA MOKNACH, and )
KEN MOKNACH, )
 )
      Plaintiffs, )
 )
v. ) Case No. 1:18-cv-261
 )
 )
PRESQUE ISLE DOWNS, INC., )
      Defendants. )

## MEMORANDUM OPINION

U.S. D.J. Susan Paradise Baxter

    Pending is Defendant's motion for summary judgment. ECF No. 28. On New Year's Day 2016, Plaintiff Mrs. Moknach tripped and fell over a sign stored on the outdoor patio of a casino which she and her husband frequented. Mr. and Mrs. Moknach allege that the casino was negligent in its storage of the sign.

    Defendant moves for summary judgment based on the Moknach's failure to establish that it owed Mrs. Moknach a legal duty under the negligence analysis.

**Standard of Review**

    Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party

1

opposing summary judgment. *Matshushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460-61 (3d Cir. 1989) (the non-movant must present affirmative evidence – more than a scintilla but less than a preponderance – which supports each element of his claim to defeat a properly presented motion for summary judgment.)

**Undisputed Facts**

*The Sign*

The sign over which Mrs. Moknach tripped was from an interior bar called Zelda's that was undergoing renovation. A photo of the sign appears below. The parties agree that the sign was red and was several feet in length. Based on the height of surrounding objects, the letters "Z," "l," and "d" were about thirty inches in height while the letters "e," "a," and "s" were smaller, possibly about twelve inches in height. *See* ECF No. 36, page 8.

*The Fall*

On January 1, 2016, Plaintiffs Mr. and Mrs. Moknach were at Presque Isle Downs and Casino, owned and operated by Presque Isle Downs, Inc. ("PID"). The Moknachs were regular visitors to the casino, generally frequenting the facility multiple times each week. On the day of

the incident, Mr. Moknach was inside gambling and Mrs. Moknach went to the casino's outdoor patio to watch the snow fall and to get some fresh air.

Mrs. Moknach was generally familiar with the patio as she prefers to spend time there while her husband gambles. Although the patio is mainly used during the thoroughbred horse racing season, when the racing season ends PID uses the patio to store tables, chairs, and other objects. The patio area remains accessible to casino patrons during the winter even though there are no casino activities taking place there.

On the day in question, Mrs. Moknach exited the casino walking onto the patio. She turned to her right. She stopped near a garbage can, searched her purse for a pack of cigarettes, and played a game on her tablet.

The patio was well lit, and Mrs. Moknach did not have trouble seeing her surroundings. She did not see the large red sign. Turning around away from the garbage cans, Ms. Moknach did not see the sign and tripped over the "s" portion of the sign. As a result of the fall, Ms. Moknach was injured and was transported to the hospital by ambulance.

**Legal Analysis**

As a federal court exercising diversity jurisdiction, we apply the substantive negligence law of the Commonwealth of Pennsylvania to this dispute. *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000). Under Pennsylvania law, a plaintiff has the burden of establishing these elements: (1) that the defendant had a "duty or obligation recognized by the law [that] require[s] the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to

3

the interests of another." *Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005) *citing In re TMI*, 67 F.3d 1103, 1117 (3d Cir. 1995).

On summary judgment the issue before this Court is whether the Plaintiffs have presented sufficient evidence to support a finding that PID owed Mrs. Moknach a duty. Pennsylvania has adopted the Restatement (Second) of Torts to determine the duty that a possessor of land owes to those who come onto his land. *See Kirschbaum v. WRGSB Assocs.*, 243 F.3d 145, 152 (3d Cir. 2001) *citing Carrender v. Fitterer*, 469 A.2d 120, 123 (1983). The parties agree that Mrs. Moknach was a business invitee on the premises of the casino. *See Restatement (Second) of Torts*, § 332 (defining an "invitee" to include "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land."). Because she was an invitee to its casino, PID had a duty to protect Mrs. Moknach from foreseeable harm. *Carrender*, 469 A.2d at 123 ("Possessors of land owe a duty to protect invitees from foreseeable harm."). As the Pennsylvania Supreme Court explained, "a possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." *Id.* quoting *Restatement (Second) of Torts* § 343A. The *Carrender* court explained that a danger is obvious when "both the condition and the risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising normal perception, intelligence, and judgment." *Id.*

Mrs. Moknach's case is much like a recent case before the federal district court in the Eastern District of Pennsylvania in which a shopper fell over a large pallet displaying cases of water. *Walker v. Save-a-lot*, 2018 WL 2973346 (E.D. Pa. 2018). In that case, the shopper testified that she did not see the pallet because she was focused on retrieving an item from the

4

freezer case. The court granted summary judgment for defendant, explaining that "it is hornbook law in Pennsylvania that a person must look where he is going[1]. ... In this case, [...] reasonable minds could not differ in concluding that the pallet was a known or obvious condition that plaintiff failed to avoid by the exercise of reasonable care." *Id.* at 3 *citing Graham v. Moran Foods*, 2012 WL 1808952, at *4 (E.D. Pa. 2012). The court added that "[t]he fact that plaintiff testified that she did not see the pallet because she was intent on retrieving an item from the freezer does not alter that conclusion." *Id.*

Similarly, another district court granted summary judgment against a claimant who did not see a pallet before she tripped over it in a grocery store. *Graham v. Moran Foods, Inc.*, 2012 WL 1808952 (E.D. Pa. 2012). The Court held: "... reasonable minds could not differ in the conclusion that the pallet was a known or obvious condition. [...] Although Plaintiff did not have the subjective knowledge of the dangerous conditions prior to her fall as did the patient in *Carrender*, a reasonable person in plaintiff's position, exercising normal perception, would have observed the pallet and merchandise and the potential tripping hazard they created." *Id.* at *4.

In this case, the Zelda's sign was an obvious hazard. The sign was several feet long, thirty inches high at one end, and twelve inches high at the end over which Mrs. Moknach tripped. Mrs. Moknach had an obligation to observe her surroundings and she did not. Reasonable minds could not differ in concluding that the sign was an obvious condition that Mrs. Moknach failed to avoid by exercising reasonable care. Because Mrs. Moknach has not

---

[1] *See also Meckel v. Lehigh Valley Health Network*, 2015 WL 13779515, at *2 (Lehigh County 2015) ("[I]f there is anything settled in the law of negligence in Pennsylvania, it is the duty of a person to look where he is walking and see that which is obvious.") (internal citation omitted).

established that PID has a duty, her negligence claim fails. Summary judgment will be granted in favor of Defendant on this claim.

Mr. Moknach's loss of consortium claim hinges on the success of Mrs. Moknach's negligence claim. *See King v. Rocktenn CP, LLC*, 643 F. App'x 180, 184 (3d Cir. 2016) *quoting Craig v. Franklin Mills Assoc., L.P.*, 555 F. Supp. 2d 547, 555 (E.D.Pa. 2008) ("If the underlying negligence claim brought by the claimant's spouse is dismissed ... the loss of consortium claim must also be dismissed."). Thus, summary judgment will be granted in favor of Defendant as to this claim also.

A separate order follows.